Ruffin, C. J.
 

 From reading the case appearing in the record, it would seem extremely difficult for the plaintiff' to get on at law under the circumstances, whatever may be his merits, or however clear his remedy might be in anothar Court. But we do not wish to pre-judge the quer-tions, that may arise hereafter, and therefore the Court will not consider the points made at the trial, since, under no ciruumstances, can the verdict and the judgment be sustained, as they are found in the record. The judgment does not correspond with the verdict, being for a much larger sum than that mentioned in the verdict. We suppose that addition is for the interest indicated in the verdict; but, supposing that that could be calculated by the Clerk of the Court, if the periods, for which it accnr ed, were designated, the verdict contains no such designation, and therefore, there is nothing to govern in ma
 
 *530
 
 king the calculation. Besides, the verdict is in itself insufficient and insensible. It does not pass on the issues joined and assess damages to the plaintiff; but, unintelligibly, finds in favor of the plaintiff all payments (by whom, or to whom, is not said) within three years (from what time, is not said) either on notes given before or otherwise (which is past comprehension.) with interest thereon, viz : $558, and $ 100, with interest on the same, from or to what day, is not specified. Such a verdict cannot authorize any judgment, for even the sums mentioned in it are not assessed as damages due to the plaintiff, but found as payments in his favour. The judgment must therefore be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.